

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| VINCENT MISSOURI,<br>    Plaintiff,<br><br>vs.<br><br>JOHN P. ALLEN, *Former SCDC Employee*,<br>BRIAN KENDALL, *Warden of Leiber C.I.*,<br>BRYAN STIRLING, *Dir. Of S.C.D.C.*, DEP.<br>DIRECTOR RANDALL WILLIAMS, *In Their*<br>*Individual And/Or Official Capacity*,<br>    Defendants, | §<br>§<br>§<br>§  Civil Action No. 8:23-cv-01990-MGL<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE**
**AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**
**AS TO DEFENDANTS KENDALL, STIRLING, AND WILLIAMS**

Plaintiff Vincent Missouri (Missouri), proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against Defendants John P. Allen (Allen), Brian Kendall (Kendall), Bryan Stirling (Stirling), and Dep. Director Randall Williams (Williams) (collectively, Defendants).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Kendall, Stirling, and Williams from this action. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 12, 2023.  The Clerk's Office docketed Missouri's objections on June 26, 2023.  Since the Magistrate Judge issued the Report, the Clerk's Office has filed an entry of default against Allen.

The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Missouri objects to the Report's determination that he has failed to sufficiently allege Kendall, Stirling, and Williams are subject to supervisory liability.  His objections include various facts that he contends bolster his claims.

"It is well-established that parties cannot amend their complaints through briefing[.]"  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).  The Magistrate Judge correctly determined that Missouri's complaint contains no specific factual allegations against Kendall, Stirling, and Williams, and thus fails to state a claim against them.  Accordingly, the Court will overrule Missouri's objections.

But, Missouri may move to amend his complaint to state a claim against Kendall, Stirling, and Williams.  If Missouri chooses to make such a motion, he must do so within **twenty-eight (28) days** of this Order.  He must attach a proposed amended complaint to his motion alleging specific additional facts.  The proposed amended complaint must clearly state as to which Defendant each fact pertains.

Missouri must consider the instructions provided to him in the Magistrate Judge's proper form orders, in the Report, and in this order when drafting any proposed amended complaint, to ensure the proposed amendment is not futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962)

(explaining leave to amend should, as the rules require, be "freely given" absent reasons such as futility of amendment (quoting Federal Rule of Civil Procedure 15(a)). The Court refuses to provide Missouri unlimited chances to amend his complaint.

If the motion to amend is granted, the proposed amended complaint shall <u>replace all other complaints</u> in this matter, and thus should include <u>all</u> facts and claims pertaining to the Defendants, including those included in previous complaints. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

This includes the allegations against Allen. In other words, if Missouri amended his complaint, he would need to reassert his claims against Allen, and <u>Allen would no longer be in default</u>. If Allen again failed to respond to the amended complaint after service, the Clerk's Office may file another entry of default.

After a thorough review of the Report and the record in this case under the standard set forth above, therefore, the Court overrules the objections, adopts the Report to the extent it is not contradicted by this Order, and incorporates it herein. Therefore, it is the judgment of the Court Kendall, Stirling, and Williams are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 21st day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.